129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Karen KAO, Plaintiff-Appellee,
v.
SARA LEE CORPORATION, Defendant-Appellant.
 No. 97-1859.
 United States Court of Appeals, Seventh Circuit.
 Argued September 26, 1997.
Oct. 2, 1997.
 
 Before POSNER, Chief Judge, EASTERBROOK, and WOOD, Circuit Judges.
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 92 C 7311; Wayne R. Andersen, Judge.
 
 
 1
 Order After a bench trial, the district judge concluded that
 
 
 2
 Sara Lee Corporation discriminated against Karen Kao because
 
 
 3
 of her pregnancy. Sara Lee contends that this finding is
 
 
 4
 clearly erroneous, principally because during trial the
 
 
 5
 district judge made statements suggesting that the Pregnancy
 
 
 6
 Discrimination Act requires employers to make accommodations
 
 
 7
 for pregnant workers. Far from requiring accommodations or
 
 
 8
 preferential treatment, the Act requires employers to treat
 
 
 9
 pregnant and non-pregnant employees identically. "[W]omen
 
 
 10
 affected by pregnancy, childbirth, or related medical
 
 
 11
 conditions shall be treated the same for all
 
 
 12
 employment-related purposes ... as other persons not so
 
 
 13
 affected but similar in their ability or inability to work".
 
 42 U.S.C. § 2000e(k)
 
 14
 (emphasis added). See Troupe v. May Department Stores Co., 20 F.3d 734 (7th Cir.1994)
 
 
 15
 . The district judge's in-court statements were legally
 
 
 16
 incorrect. To the extent the judge gave Sara Lee advice
 
 
 17
 about how best to run its business, the remarks were
 
 
 18
 gratuitous and should have been avoided.
 
 
 19
 Nonetheless, none of these errors appears in the judge's formal findings of fact and conclusions of law. Every judge occasionally errs when speaking off the cuff; that is why the parties are invited to submit briefs, and why judges retire to chambers to do legal research and rethink their tentative conclusions before issuing opinions. The district judge in this case did this, and we review the final opinion rather than the mid-trial statements. See, e.g., Greiner v. Chicago & Eastern Illinois R.R., 360 F.2d 891, 895 (7th Cir.1966).
 
 
 20
 Kao was hired for a position that required frequent and extended travel, principally to China. She testified that after telling Keith Alm, her superior, that she was pregnant, Alm withdrew travel assignments. Alm testified otherwise--that it was Kao who refused to undertake the necessary travel. Approximately a month after Kao revealed her pregnancy, Sara Lee fired her, asserting that she had refused to perform the travel required by her position. The district court found the following facts:
 
 
 21
 At the end of the [initial] discussion, Alm told Kao that the upcoming business trip included a trip to China and that Kao could not go on the trip. Kao was given no new assignments after her meeting with Alm.
 
 
 22
 * * *
 
 
 23
 On the morning of November 1, 1991, Kao met with Alm and told him that she intended to perform the job to the best of her abilities, including the travel. Alm responded that Kao could not properly perform the job unless she went to China which would pose health problems for her. ... Alm [later stated] that because Kao could not travel to China, she could not meet the basic requirements of the position.
 
 
 24
 Kao was fired later that day. Sara Lee concedes that no evidence in the record shows that Kao was medically unable to travel to China, or even that such travel was medically unwise. If Alm said and did what Kao says he said and did, then Sara Lee violated the Pregnancy Discrimination Act by firing her.
 
 
 25
 According to Sara Lee, the judge should not have believed Kao. But "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). Sara Lee appeals to the "extrinsic evidence" proviso: Kao's story was contradicted, it believes, by a diary Kao kept during the time in question. Kao believes that the diary (at least as amended by some belated entries) does not contradict her testimony at trial. No matter; it is not "extrinsic evidence" but is at worst a prior inconsistent statement. The reservation in Bessemer City concerned evidence extrinsic to the parties--a dispute about what was said at a meeting might be resolved, for example, by a tape recording of the conversation, and a dispute about the temperature of the coffee that spilled on a restaurant's customer could be resolved by thermometer readings. No court has held that a litigant's out-of-court notes are always conclusive. Kao's diary was not a judicial admission. The district court was entitled to credit Kao's oral testimony; its findings of fact are not clearly erroneous.
 
 
 26
 As the prevailing party, Kao is entitled to an award of attorneys' fees for the legal services reasonably needed to defend the judgment on appeal. The case is remanded for the computation and award of those fees.
 
 AFFIRMED AND REMANDED